**United States District Court**
**Central District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No.   SACR 05-00214-CJC |
| **Defendant**   Gregory Patterson | Social Security No.  6  7  1  9 |
| akas:   Abdul Malik, Bilal | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 07 | 21 | 2008 |

**COUNSEL**   [X] WITH COUNSEL   Winston Kevin Mckesson, Rtd.
(Name of Counsel)

**PLEA**   [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.   [ ] NOLO CONTENDERE   [ ] NOT GUILTY

**FINDING**   There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of: Conspiracy To Levy War Against The United States Government Through Terrorism in violation of 18 U.S.C. § 2384 as charged in Count 1 of the Indictment and Using And Carrying A Firearm In Connection With A Crime Of Violence; Conspiracy To Possess And Discharge Firearms In Furtherance Of Crimes Of Violence in violation of 18 U.S.C. § 924(c), 924(o) as charged in Count 5 of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

The defendant shall pay to the United States a special assessment of $200, which is due immediately.

All fines are waived as it is found that the defendant does not have the ability to pay.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Gregory Patterson, is hereby committed on Counts 1 and 5 of the Indictment to the custody of the Bureau of Prisons to be imprisoned for a term of 151 months. This term consists of 91 months on Count 1 and 60 months on Count 5, to be served consecutively.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318;

2. The defendant shall cooperate in the collection of a DNA sample from his person;

3. The defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer. Further, as directed by the Probation Officer, the

Case 8:05-cr-00214-CJC   Document 328   Filed 07/22/08   Page 2 of 7   Page ID #:678

USA vs. GREGORY PATTERSON                              Docket No.:   SACR 05-00214-CJC

defendant shall pay part or all of the costs of treating the defendant's psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of paymnet as directed by the Probation Officer; and

5. The defendant may not associate with codefendants Kevin James, Levar Washington, or Hammad Samana.

The Court authorizes the Probation Officer to disclose the Presentence Report and/or any previous mental health evaluations or reports to the mental health treatment provider. The treatment provider may provide information, excluding the Presentence Report, to State or local social service agencies, such as the California Department of Social Services, for the purpose of the client's rehabilitation.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court strongly recommends that the defendant be housed in a Southern California facility to facilitate visitation with family, friends and loved ones.

Defendant advised of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_July 21, 2008_
Date

_____
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

_July 22, 2008_                        By     **MICHELLE URIE**
Filed Date                                    Deputy Clerk

Case 8:05-cr-00214-CJC    Document 328    Filed 07/22/08    Page 3 of 7    Page ID #:679

USA vs. GREGORY PATTERSON                          Docket No.:    SACR 05-00214-CJC

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                   Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____                    _____
Filed Date                                        Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____                    _____
         Defendant                                          Date

_____                    _____
U. S. Probation Officer/Designated Witness          Date

The nature and scope of the terrorist acts Mr. Patterson intended to commit are truly frightening. The cell's target list included U.S. military bases and recruiting centers in Southern California, the Israeli consulate in Los Angeles, and El Al airlines at Los Angeles International Airport. Mr. Patterson and the other members of the cell also planned attacks at civilian targets such as synagogues and other Jewish gathering places. And those attacks against civilian targets were designed to injure or kill the greatest number of innocent civilians possible by occurring on Jewish holidays or other days when large numbers of innocent civilians would be gathered together.

Mr. Patterson was an active participant in this terrorist plot. Mr. Patterson decided to rob gas stations and convenience stores to finance the operations. In just over a month, the cell conducted eleven robberies, all of which Mr. Patterson played a direct role. All were armed robberies, and each put more civilian lives at risk. With the proceeds from these robberies, the cell purchased weapons, including a .22 caliber rifle just days before their apprehension. Mr. Patterson and his co-defendants also conducted target practice in a Los Angeles park in anticipation of impending attacks. This was not a group of individuals engaging in hollow speculation about terrorism; it was an active terrorist cell – ready, willing and training to carry out its evil and hate-riddled plot. The Court simply cannot overstate the seriousness of Mr. Patterson's offense and the need to send a message to terrorists that they will be held accountable for their crimes.

But the Court is mindful that Mr. Patterson was not the original architect of the criminal conspiracy to wage war against the United States. Mr. Patterson engaged in these criminal activities only after falling under the control and influence of Levar Washington and Kevin James, the founder of the terrorist organization JIS. It was Mr. James and Mr. Washington who indoctrinated Mr. Patterson in their own warped version of Islam, and calling for unthinkable violence against United States and Israeli targets. For his leadership in the conspiracy to wage war against the United States, Mr. James faces a statutory maximum of 20 years imprisonment, while the plea agreement stipulates to a sentence of 18 years in prison. Mr Washington was sentenced to 22 years in prison. Those men are clearly more culpable than Mr. Patterson and deserve a much more severe punishment.

Therefore, after considering the advisory guideline term of imprisonment, the aggravating and mitigating circumstances of Mr. Patterson's life and offenses, and all the sentencing objectives of § 3553, I believe a sentence of 151 months is a fair and just sentence. This sentence consists of 91 months on Count 1, Conspiracy to Wage War Against the United States, and 60 months on Count 5, Possession of a Firearm in Furtherance of a Crime of Violence, such terms to be served consecutively to each other.